OPINION
{¶ 1} Defendant-appellant Kevin Perry [hereinafter appellant] appeals from the July 22, 2002, Judgment Entry of the Richland County Court of Common Pleas which resentenced appellant upon remand by this Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Kevin Perry was indicted on two counts of rape, in violation of R.C. 2903.04(A)(1)(b), and one count of attempted rape, in violation of R.C. 2904.04(A)(1)(b) and 2923.02. The indictment arose from allegations that appellant had sexual intercourse, fellatio, and cunnilingus with a 12 year old victim over a period of six months.
 {¶ 3} On June 6, 2001, appellant entered a plea of guilty to two counts of rape and one count of attempted rape. The plea was made pursuant to a plea agreement wherein the State would recommend a sentence of five years on each count of rape, to be served consecutively, and five years community control on the count of attempted rape, to begin upon release from prison, in exchange for appellant's guilty pleas. The trial court accepted appellant's plea and found appellant guilty. The trial court proceeded to sentence appellant, imposing the sentence recommended by the State.
 {¶ 4} Appellant appealed his sentence. Upon review, this Court reversed the trial court's decision in regards to appellant's sentence, finding that "the trial court failed to make the findings required by R.C. 2929.14 and 2929.19." The sentence was vacated and the case was remanded for resentencing.
 {¶ 5} Upon remand, the trial court held a sentencing hearing on June 27, 2002. At the sentencing hearing, the trial court received arguments and oral statements of the victim and her parents. Subsequent to the hearing, on July 22, 2002, the trial court issued a resentencing entry in which it sentenced appellant to a six year term of imprisonment on each count of rape, to be served consecutively, for a total of 12 years. As to the count of attempted rape, appellant was sentenced to five years of community control to begin when he is released from prison.
 {¶ 6} It is from the July 22, 2002, Resentencing Entry that appellant appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion is resentencing appellant to a longer prison term than it previously imposed where the appellant successfully appealed the previous prison term and the longer term was imposed by the same judge that had imposed the previous prison term.
 {¶ 8} "II. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in resentencing appellant without making the findings required by R.C.2929.14(E) and R.C. 2929.19(B).
 {¶ 9} "III. The trial court's sentence is contrary to law and the trial court committed prejudicial error and abused its discretion in not sentencing appellant to the shortest prison term contrary to and in violation of R.C. 2929.14(B).
 I {¶ 10} In the first assignment of error, appellant argues that, under the circumstances herein, the trial court could not sentence appellant to a longer prison term than it had previously imposed. We agree.
 {¶ 11} Due process guarantees of the United States Constitution prohibit a trial court from issuing a harsh sentence out of vindictiveness against a defendant for having pursued a successful appeal. Alabama v.Smith (1989), 490 U.S. 794, 798, 109 S.Ct. 2201, 104 L.Ed.2d 865. "In order to assure the absence of such a motivation, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear." Id. (quoting NorthCarolina v. Pearie (1969), 395 U.S. 711, 726, 89 S.Ct. 2072,23 L.Ed.2d 656.)
 {¶ 12} A reviewing court may not presume vindictiveness if the trial court provides legitimate reasons in support of the increased sentence. Id., at 798. Similarly, when a trial court resentences a defendant on remand, it may properly impose a more severe sentence if it bases the sentence on relevant facts, conduct or events that have occurred subsequent to the original sentencing proceeding. See Texas v.McCullough (1986), 475 U.S. 134, 141, 106 S.Ct. 976, 89 L.Ed.2d 104
(quoting Wasman v. United States (1984), 468 U.S. 559, 572,104 S.Ct. 3217, 82 L.Ed.2d 424).
 {¶ 13} In this case, appellant asserts that the trial court's decision to increase the sentence is impermissible because there was no intervening event that would justify the more severe sentence. The State responds that the sentence was based on information, namely a presentence investigation, made available to the trial court after the original sentencing and, as such, was not the product of vindictiveness. In the resentencing entry issued by the trial court, the trial court stated that "[previously] [t]he court sentenced based on the sentence agreed to by the parties. The court did not have a pre-sentence investigation or any other information on the defendant or his crime other than the few allegations mentioned in the courtroom. The defendant decided to disavow the deal he made with the prosecutor and appeal his 10 year sentence. . . . The court has now received a presentence investigation and heard the defendant, the prosecutor and the victim's input necessary to make the required sentencing determinations."
 {¶ 14} Although there may well have been an agreed sentence in this case as well as an agreement not to appeal as asserted by the trial court, no such agreement appears on the record. The record reflects that the State recommended a sentence of 10 years but does not reflect that appellant agreed to the sentence. Rather, it appears from the cold record before this court that the trial court independently sentenced appellant to its prior sentence of five years on each count of rape, for a total of 10 years.
 {¶ 15} Further, although the trial court did not have a presentence investigation report at the time of the original sentencing, the information in the presentence investigation upon which the trial court now relies was available to the trial court at that time. Upon resentencing, the trial court relied upon no facts, conduct or events that occurred subsequent to the original sentencing proceeding. Thus, the trial court has not provided a basis upon which to increase appellant's sentence.
 {¶ 16} Upon review of the record before this court, we find that the trial court erred when it imposed a higher sentence upon resentencing.
 {¶ 17} Appellant's first assignment of error is sustained.
 II, III {¶ 18} In the second assignment of error, appellant contends that the trial court failed to make the requisite findings to impose consecutive prison terms and failed to state its reasons for doing so, as required by R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). In the third assignment of error, appellant contends that the trial court failed to make the requisite findings to impose more than the shortest sentence upon appellant, as required by R.C. 2929.13(B). Based upon our disposition of the first assignment of error, appellant's second and third assignments of error are overruled as moot.
 {¶ 19} The judgment of the Richland County Court of Appeals is hereby reversed. The sentence imposed by the trial court is vacated and the matter is remanded to the trial court to resentence appellant in accordance with this decision and according to law.
By: Edwards, J., Gwin, P.J. and Farmer, J. concur.